Eastern District of Kentucky
FILED

MAR 2 5 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| **JOHN/JANE DOE, et al (see Attached)** | ) | **CASE NO:** 5:22-cv-076-KKC |
| **PLAINTIFFS** | ) | |
| vs. | ) | |
| | ) | **CIVIL COMPLAINT** |
| **SIEMENS HEALTHINEERS, AG** | ) | **DEMAND FOR JURY TRIAL** |
| **And** | ) | |
| **SIEMENS MEDICAL SOLUTIONS USA, INC** | ) | |
| **And** | ) | |
| **SIEMENS GLOBAL** | ) | |
| **DEFENDANTS** | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

* * * * *

*"So that the tested genuineness of your faith—more precious than gold that perishes though it is tested by fire—may be found to result in praise and glory and honor"*

1 Peter 1:7

* * * * *

## JURSIDICTION AND PARTIES

*"The righteous care about justice for the poor, but the wicked have no such concern."*

*Proverbs 29:7*

**1.** At all relevant times herein, Plaintiffs were individuals.

**2.** Plaintiffs allege that Defendants are corporate entities, form unknown, regularly conducting business in the States of Kentucky, California, Virginia, Colorado, Oklahoma, Texas, and other States as well as international business.

**3.** Plaintiffs allege that at the time of the alleged events, Defendants were conducting business in Fayette County, Kentucky among other counties.

4. Defendant Siemens is comprised of more than a dozen corporate entities nationwide. The true names and capacities, whether individual, corporate, associate, or otherwise, of Siemens Defendants at issue in this matter, are currently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show Siemens Defendants' true names and capacities when ascertained.

5. At all relevant times herein, Defendants were employers under applicable law and as such were barred from, inter alia, harassing, discriminating or retaliating against Plaintiffs in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiffs' employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

6. This action arises under the provisions of the United States Constitution, Title VII, 42 U.S.C. § 2000e-2(a). The Court has jurisdiction of these federal law claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress deprivation of civil rights).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because Defendant corporation conducts business in this district, and because a

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred or will occur in this district.

## FACTUAL ALLEGATIONS

### *History of Parties*

**8.** Plaintiffs are all individuals—some with families, children, and grandchildren—who depended upon Siemens for their primary form of household income.

**9.** Some Plaintiffs worked for Siemens for more than fifteen years.

**10.** Conversely Siemens is a multinational corporation.

**11.** While many other corporations financially struggled during the pandemic, Siemens did not.

**12.** Siemens began to assist in the manufacturing of COVID-19 testing, treatments, and vaccinations.

**13.** Siemens opened new factories to manufacture the vaccination.[1]

**14.** Meanwhile, in June 2020, the International Monetary Fund estimated that approximately eleven-trillion-dollars ($11,000,000,000,000.00) was allocated to support—and compensate companies—vaccination manufacturing.

---

[1] https://new.siemens.com/us/en/company/press/siemens-stories/usa/digitalized-medicine-siemens-tech-accelerates-vaccine-production.html

**15.** According to the United Nations, the United States and other countries rushed to disburse funding to companies like Siemens, surpassing and ignoring the appropriate due diligence measures meant to prevent corruption.[2]

**16.** Historically, in similar crises vaccine mandates in corporations responsible for vaccine manufacturing have been symptoms of corrupt underpinnings.[3]

**17.** So, it is no surprise that Siemens is guilty of just such corruption.

***Background of COVID-19 and Plaintiffs***

*"He reveals the deep things of darkness and*

*brings utter darkness into the light"*

*Job 12:22*

**18.** Plaintiffs were all employed by one of Defendant corporate entities.

**19.** In early 2020, Siemens began to implement precautions to manage COVID-19.

**20.** In order to maintain productivity Siemens converted all employees to work-from-home or virtual employment.

---

[2] https://www.unodc.org/documents/corruption/COVID-19/Policy_paper_on_COVID-19_vaccines_and_corruption_risks.pdf

[3] Id.

**21.** Thereafter, Siemens continued to utilize employees in a virtual capacity when possible, based on position.

**22.** Over time, Siemens went back to work in person.

**23.** Siemens required masks on all employees.

**24.** Siemens required that employees maintain social distancing.

**25.** Months later, Siemens mandated all employees seek and obtain the COVID-19 vaccination.

**26.** Siemens informed employees that those who could not obtain a vaccination due to medical and religious beliefs, would be able to apply for, and obtain exemption status.

**27.** Siemens claimed that all exemption requests would be reviewed individually.

**28.** Siemens did not conduct such reviews.

**29.** Siemens ignored emails.

**30.** Siemens provided little to no instruction on exemption requests.

**31.** Siemens asked no clarifying questions of each exemption applicant.

**32.** Siemens grouped employees together based on position.

**33.** Siemens then terminated all unvaccinated employees in certain groups.

**34.** Siemens terminated employees, like Emilio Vilchez, that solely worked in a virtual capacity.

**35.**Siemens failed to offer reasonable accommodations to all Plaintiffs.

**36.Siemens claimed that it could not offer those accommodations despite having done so voluntarily to avoid lost profits for the entirety of the pandemic preceding the vaccination mandate.**

**37.**Some of the Plaintiffs were terminated without cause (see Exhibit 1).

**38.**Other Plaintiffs were placed on unpaid leave and told that they could return before being "ghosted" by Siemens.

**39.**For those Plaintiffs, Siemens ignored emails regarding pending, unanswered exemption requests.

**40.**Siemens ignored emails regarding employment status.

**41.**Siemens refused to answer clarifying questions or provide reliable timelines.

**42.**Siemens subjected these employees to an unyielding stage of employment limbo wherein they are not permitted to be paid or work, but were not terminated.

**43.**Siemens did not request any information regarding the sincerity of religious beliefs justifying exemption requests.

**44.**Siemens forced some employees to get the vaccination without their consent and against their wishes.

**45.**Other employees were simply terminated.

**46.** Siemens caused private health information to be shared about each of the Plaintiffs leading to the mistreatment of those Plaintiffs in the work place.

**COUNT I**
**Title VII, 42 U.S.C. § 2000e-2(a)**

*"Do not pervert justice, do not show partiality to the poor favoritism to the great, but judge your neighbor fairly."*

*Levitcus 19:15*

**47.** Plaintiffs re-alleges and incorporates by reference the allegations set forth in the aforementioned paragraphs above.

**48.** Plaintiffs Jay Rensing, William Smith, and Emilio Vilchez, and similarly-situated employees were discriminated against and harassed based on religion by supervisors and coworkers.

**49.** The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Chris Crandall, David Secrist, Glen Seifert and similarly situated employees, suffered harm as a result.

**50.** Under Title VII, 42 U.S.C. § 2000e-2(a) Siemens treatment of Plaintiffs was subjectively hostile and abusive and would be viewed objectively as hostile and abusive to a reasonable person.

**COUNT II**

**CIVIL CONSPIRACY**

**51.**Plaintiffs hereby incorporate the allegations contained in the aforementioned paragraphs

as though fully set forth here.

**52.**Siemens Corporations engaged in civil conspiracy to defraud Plaintiffs, interfere with its existing business and contractual relationships, and breach existing contracts with Plaintiffs.

**53.**Civil conspiracy occurs when tortious acts are planned and executed by two or more parties.

**54.**As a direct and proximate result of Siemen's actions Plaintiffs suffered harm and damages.

**COUNT III.**
**FRAUD**

**55.**Plaintiffs hereby incorporate the allegations contained in the aforementioned paragraphs as though fully set forth here.

**56.**Siemens had no intention to grant Plaintiffs their respective religious exemption requests.

**57.**Siemens materially misrepresented its intentions to grant exemptions to Plaintiffs.

**58.**Plaintiffs relied upon this misrepresentation.

**59.**Plaintiffs suffered damages as a result.

**60.** As a direct and proximate result of Siemen's fraud, Plaintiffs suffered harm and damages.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE**

**61.** Plaintiffs hereby incorporate the allegations contained in the aforementioned paragraphs as though fully set forth here.

**62.** An intentional infliction of emotional distress or outrage has occurred when someone (1) acts intentionally, (2) in a manner that is so outrageous or intolerable as to offend generally accepted standards of morality and decency and (3) causes another to suffer severe emotional distress.

**63.** When Siemens engaged in a pattern of conduct wherein its agents conveyed falsehoods to Plaintiffs, manipulated Plaintiffs, ignored Plaintiffs, provided no direction, shamed Plaintiffs based on their private medical choices and details in violation of their rights, they acted outrageously such that it offended generally accepted standards of morality and decency.

**64.** Plaintiffs have sought and received treatment for emotional distress.

**65.** As a result, Siemens is liable to Plaintiffs for all alleged damages herein.

**COUNT IV**
**ASSAULT**

**66.** Counterclaimant restates, adopts and incorporates by reference all prior allegations set forth herein.

**67.** Here, the Plaintiffs were assaulted by Siemens when Siemens caused Plaintiffs to fear for their physical safety and health.

**68.** Plaintiffs had reason to be concerned about the safety and efficacy of the vaccination.

**69.** Plaintiffs were fearful about the impact the vaccination may have on their physical safety and health.

**70.** Scientific research and data supports Plaintiffs fears.

**71.** Yet, Siemens removed the opportunity for Plaintiffs to consent to receiving the vaccination.

**72.** As such, Siemens caused Plaintiffs to fear for their safety and in so doing, assaulted Plaintiffs.

**73.** As a result of the assault, the Plaintiffs suffered harm and Siemens is liable to Plaintiffs for the harm suffered

**COUNT V**
**BATTERY**

**74.** Plaintiffs restate, adopt and incorporate by reference all prior allegations set forth herein.

**75.**Here, Siemens battered the Plaintiff, John McCullough, and similarly situated employees, when it forced him to receive vaccinations without his consent and against his will.

**76.**As a result of the battery, the Plaintiffs suffered harm.

## COUNT VI
## BREACH OF CONTRACT

**77.**Plaintiffs restate, adopt and incorporate by reference all prior allegations set forth herein.

**78.**Here, Siemens and Plaintiffs were all Parties to employment agreements.

**79.**Plaintiffs were employed by a Siemens corporation by virtue of those contracts.

**80.**Later, Siemens terminated those contracts without cause.

**81.**In so doing, Siemens breached those contracts and are responsible for resulting damages.

**82.**As a result of this breach, the Plaintiffs suffered harm.

## COUNT VII
## THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996

**83.**Plaintiffs restate, adopt and incorporate by reference all prior allegations set forth herein.

**84.** Here, Siemens acted both as a medical provider and employer.

**85.** As such, Siemens has a responsibility to keep the details of each of the Plaintiffs' medical information private.

**86.** Instead, Siemens caused this information to become very public and the subject of debate in the workplace.

**87.** This exposed each of the Plaintiffs to ridicule and shame as a result of medical status.

**88.** Siemens is liable to Plaintiffs for all resulting damages.

*"I said to myself, 'God will bring into judgment both the righteous and the wicked, for there will be a time for every activity, a time to judge every deed"*

*Ecclesiastes 3:17*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Judgment against the Defendants in an amount which will fairly and reasonably compensate the Plaintiffs for Plaintiffs' damages alleged herein.

B. Judgment against the Defendants for punitive damages.

C. Trial by Jury;

D. Plaintiff's costs expended herein; and,

E. Any other relief in law or equity to which the Plaintiffs may reasonably be entitled including the right to amend this Complaint if necessary.

*"Learn to do right; seek justice. Defend the oppressed. Take up the cause of the fatherless; plead the case of the widow."*

*Isaiah 1:17*

Respectfully submitted,

Georgia Hensley
THE HENSLEY FIRM, LLC
312 S 4th Street, Suite 700
Louisville KY 40202
812-946-6824
georgia@hensleyfirm.com