UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHN/JANE DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 5:22-76-KKC<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on defendant Siemens Medical Solutions USA, Inc.'s motion to dismiss. (DE 14). For the following reasons, the Court will GRANT the motion.

**I.**

In this action, fifty-three (53) named employees and two Doe plaintiffs assert various claims against Siemens Medical Solutions USA, Inc. (Siemens) related to the company's mandatory employee COVID-19 vaccination program.[1] The main thrust of the plaintiffs' complaint is that Siemens initiated a mandatory vaccination program in early 2020 and failed to provide—or even truly consider—exemptions based on religious beliefs. (*See* DE 1, Complaint). The complaint alleges that some employees were forced to get vaccinated without their consent, some were terminated, and others were "ghosted" when Siemens simply stopped communicating with them about their employment status. Plaintiffs also allege that Siemens coerced employees "to participate as human subjects in investigational medical clinical trials." (DE 16, at 1).

---

[1] The Court previously dismissed two originally named defendants, Siemens Healthineers, AG and Siemens Global. (DE 12).

Plaintiffs assert claims under 42 U.S.C. 2000e-2 for religious discrimination, civil conspiracy, fraud, intentional infliction of emotional distress, assault, battery, and breach of contract. They also assert that Siemens failed to keep employee medical information private in violation of The Health Insurance Portability and Accountability Act of 1996. Siemens has moved to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2), improper venue pursuant to 12(b)(3), and failure to state a claim pursuant to 12(b)(6).

## II. Personal Jurisdiction

Where, as here, the Court's subject matter jurisdiction stems from a federal question, personal jurisdiction exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003) (quotations removed). The burden is on the plaintiffs to show personal jurisdiction exists, but they need only make a prima facie showing of jurisdiction, and can do so by establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quotations and citations removed). The Court will construe the facts in the light most favorable to the plaintiffs. *Id.*

Personal jurisdiction can be either general or specific, "depending upon the nature of the contacts that the defendant has with the forum state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). A court may exercise specific jurisdiction over a defendant if the plaintiffs' claims "arise out of or relate to" the defendant's activities in the forum state. *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 396 (6th Cir. 2021). A court may assert general jurisdiction over a corporate defendant in its home state, where the defendant is incorporated or headquartered. *Id.* Here, the

plaintiffs do not establish with reasonable particularity that this Court can exercise specific or general personal jurisdiction over Siemens—nor do they even argue the former.

Regardless of whether Kentucky's long-arm statute enumerates a basis for jurisdiction, the Court cannot exercise jurisdiction unless doing so is consistent with federal due process. Accordingly, specific jurisdiction is proper only if (1) the defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and (3) the acts of the defendant or consequence caused by the defendant has a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Bridgeport*, 327 F.3d at 477-78 (citing *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

It is entirely unclear from the plaintiffs' complaint how this Court could exercise specific jurisdiction over Siemens. The only ties to Kentucky that plaintiffs suggest in their complaint are that Siemens conducts business in Fayette County, Kentucky and the conclusory allegation that a substantial part of the events or omissions giving rise to their claims occurred in this district. (*See* DE 1, Complaint, at 3-4). According to the attached list, only one of the 53 named plaintiffs resides in Kentucky. (*See* DE 1-1). Plaintiffs make no attempt to tie any individual plaintiff—including the one Kentucky resident—to any events that actually took place in Kentucky.

In their response to Siemens' motion to dismiss, the plaintiffs allege—for the first time— that "plaintiffs . . . supplied paperwork to . . . HR representatives, some in Lexington, Kentucky." (DE 16, at 2). They also state that Siemens "require[d] the Plaintiffs to travel to Kentucky for work, employ[ed] individuals remotely that work in Kentucky, and entered into ongoing employment agreements with individuals that reside in Kentucky." (*Id.* at 11-12). Even if the Court accepts

these allegations as true, they do not state with reasonable particularity sufficient contacts to support specific jurisdiction. For that, not only does the corporation have to purposefully avail itself of the forum state, but the cause of action must also arise from the corporation's activities there. The plaintiffs do not explain how their various causes of action—religious discrimination, assault, battery, infliction of emotional distress, etc.—arise from Siemens receiving HR paperwork in Kentucky, employing people remotely in Kentucky, or entering into agreements with people in Kentucky. Even if Siemens had plaintiffs travel to Kentucky, the plaintiffs do not sufficiently explain how that activity related to the specific claims alleged here.

Plaintiffs provide no link between any particular plaintiff and any activities or omissions by Siemens in Kentucky that have any relation to their claims. In fact, the only reference to Kentucky in the plaintiffs' complaint is the Kentucky address of one of 53 named plaintiffs and the broad assertion that Siemens conducts business in Kentucky. The plaintiffs fail to articulate which of them—if any—were harmed by Siemens' activities in Kentucky. In other words, the acts of the defendant or consequences caused by the defendant do not have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See Mohasco*, 401 F.2d at 381. The plaintiffs fail to meet their prima facie burden, however light it may be. Accordingly, specific jurisdiction is improper here.

It is perhaps telling that the plaintiffs do not assert the tenuous connections above in support of a specific jurisdiction theory. Plaintiffs never allege in their complaint nor their response to Siemens' motion to dismiss that the Court could exercise specific jurisdiction over Siemens. Plaintiffs hang their hat on the Court having general jurisdiction over Siemens, and only advance arguments to that end. Because plaintiffs do not make a prima facie case of specific jurisdiction and because failure to address an argument in a response to a motion to dismiss is arguably a

concession of said arguments, *see Agee v. Alphatec Spine, Inc.*, 711 F. App'x 791, 792 (6th Cir. 2018); *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013), the Court will consider whether it has general jurisdiction over Siemens.

Siemens is not incorporated or headquartered in Kentucky so the Court can only exercise general jurisdiction if Siemens' "contacts with [Kentucky] are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird*, 289 F.3d at 873 (citing *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). These contacts with the forum state must be "pervasive." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). The threshold contacts required for a Court to assert general jurisdiction over a nonresident defendant are "very substantial" and indeed "quite rigorous." *Id.* (citations and quotations omitted).

Again, plaintiffs' complaint only alleges that Siemens regularly conducts business in Kentucky. (DE 1, at 2-3). The specifics and scope of Siemens' business contacts in the state are unclear from the plaintiffs' pleadings, In their response to the motion to dismiss, plaintiffs state generally that Siemens "employed non-citizen Plaintiffs for positions . . . held meetings . . . hosted trainings . . . has subjected Plaintiffs to travel … maintains files in numerous facilities, paid even non-citizen employees for their work, and continues to advertise for employees" in this jurisdiction. (DE 16, at 15). But plaintiffs do not state how many employees, meetings, and trainings were held here. Further, plaintiffs allege that some of them worked remotely. It is unclear how many.

What is clear is that the contacts alleged are not pervasive enough to warrant this Court exercising general jurisdiction over a non-citizen corporation. *See Harris v. Lloyds TSB Bank, PLC*, 281 F. App'x 489, 493 (6th Cir. 2008) (no general jurisdiction even though company sent

employees into forum state to generate business and sent representatives to forum state over the course of five years because "sporadic visits by [employees] to [forum state do not support . . . jurisdiction); *WEDGE Grp. Inc.*, 882 F.2d at 1090 (no general jurisdiction even though defendant owned companies that conducted business in the forum state). Plaintiffs' primary theory of general jurisdiction appears to be that the increasing nationalization of commerce—the internet being the most recent example—counsels for a "relaxation of the limits that the Due Process Clause imposes on courts' jurisdiction." (DE 16, at 13). And because Siemens employs people for travel work positions in places all across the United States then jurisdiction is proper here, in one such place. Plaintiffs do not present any authority, however, for the proposition that companies are subject to general jurisdiction in any location to which their employees may travel.

Plaintiffs have failed to allege facts to support the idea that Siemens' contacts with the state of Kentucky are so continuous and systematic as to render them essentially at home there. *See Flake v. Schrader-Bridgeport Int'l, Inc.*, 538 F. App'x 604, 617 (6th Cir. 2013). The Court will not exercise personal jurisdiction over Siemens. Therefore, it need not advance to Siemens' arguments regarding improper venue or the insufficiency of the claims on the merits. Accordingly, the Court hereby ORDERS that Siemens' motion to dismiss (DE 14) is GRANTED the plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

This 22nd day of March, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY